IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        Cr. No. 18-3752 KG

PEDRO PEREZ-HERNANDEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Defendant's request that attorney Brandon Lettunich no longer represent him in this matter. As a result, Mr. Lettunich filed an opposed motion to withdraw. (Doc. 75). On September 5, 2019, the Court held a hearing on the motion, at which Defendant appeared with Mr. Lettunich, and Kris Jarvis appeared for the United States and voiced no position on the motion. Having considered the statements of counsel, Defendant's statements, the history of this case, and the applicable law, the Court grants the motion. In doing so, the Court makes the following findings and conclusions as well as those stated on the record at the hearing:

1. On October 26, 2018, Defendant was charged by criminal complaint with the criminal immigration offense, Reentry after Deportation, in violation of 8 U.S.C. § 1326(a) and (b).

2. The Court appointed Assistant Federal Public Defender, Andre Poissant, to represent Defendant, who is indigent.

3. On November 5, 2018, the Magistrate Judge held a preliminary hearing and found probable cause to believe Defendant committed the offense charged.

4. On November 14, 2018, the Grand Jury returned an indictment, charging Defendant with the same offense, specifically 8 U.S.C. § 1326(a) and (b), Reentry of a Removed Alien.

5. The Court set the matter for a jury trial on January 14, 2019.

6. On December 14, 2018, Mr. Poissant filed a motion to withdraw, (Doc. 16), stating Defendant requested another attorney be appointed, and expressed "concerns regarding undersigned counsel representing him." The Court granted the motion, (Doc. 17), and appointed attorney Brock Benjamin to represent Defendant, (Doc. 18).

7. After originally resetting the jury trial for April 15, 2019, the Court again reset the trial for April 9, 2019, without objection from Defendant or counsel.

8. On April 9, 2019, the Court held a hearing on multiple pre-trial motions, including motions in limine. Afterward, and based at least in part on the rulings of the Court, Defendant opted to waive his right to a jury trial and instead proceeded with a bench trial.

9. The Court ultimately found Defendant guilty of the offense charged, (Doc. 58).

10. On June 6, 2019, Defendant sent a letter to the Court, (Doc. 78), requesting the return of certain documents.

11. On July 10, 2019, Defendant filed a hand-written document the Court construed as a motion for new counsel, (Doc. 61), in which Defendant stated specific concerns with his attorney. Defendant attached a "Motion to Vacate Decision by District Court Pursuant on Unfair trial and Vindication of Sixth Const. Amend, 3006(A), and Fifth Const. Amend" (Motion to Vacate Decision) (Doc. 62).

12. On July 12, 2019, Mr. Benjamin filed a motion to withdraw, (Doc. 63), in which he stated Defendant "did not want to be represented by him and that he should withdraw, . . . . [T]his motion to withdraw [is] based on the request of his client."

13. On July 23, 2019, the Court held a hearing on the motion to withdraw and, after hearing from counsel and Defendant, granted the motion. On the same date, the Court appointed attorney Brandon Lettunich to represent Defendant.

14. The Court notes the various filings Defendant made directly to the Court, without consulting with counsel, including (Doc. 68), a letter to the Court reminding the Court of the Motion to Vacate Decision and stating he does not want to proceed with current counsel and requesting the return of certain documents.

15. On July 29, 2019, Defendant sent the Court another letter, (Doc. 69/Doc.70, duplicate), again requesting new counsel.

16. On August 14, 2019, Defendant filed "Proposed Findings of Fact with Motion and Exhibits," (Doc. 73).

17. On August 14, 2019, Defendant filed yet another letter with the Court (Doc. 74), in which he cites to the trial transcript and asserts a defense to the offense charged in the indictment.

18. On August 20, 2019, Mr. Lettunich filed his opposed motion to withdraw as counsel. (Doc. 75).

19. On September 5, 2019, the Court held a hearing on the motion to withdraw, at which Mr. Lettunich appeared as well as Defendant.

20. The Court considered that to date it has appointed three different attorneys to represent Defendant, each of whom are competent.

21. The number of attorneys appointed to Defendant in this case is highly unusual.

22. Based on the number of appointed attorneys, the reasons each appointed attorney provided for requesting permission to withdraw, and, in each instance, Defendant's unwillingness to be represented by each appointed attorney, the Court construes the challenge to counsel's representation as Defendant's unwillingness to accept legal representation.

23. Having circumvented appointed counsel by sending letters and other filings directly to the Court and having stated both in his letters and in his complaints in open court that he does not want currently appointed counsel, Defendant clearly indicates his desire to waive his right to appointed counsel. Indeed, insofar as the reasons for the requests to withdraw demonstrate, it is clear Defendant rejects his right to appointed counsel.

24. Based on Defendant's statements in writing and in open court, as well as the Court's observations of Defendant, the Court has no concerns with Defendant's competence to represent himself as required by law. To the contrary, Defendant's written and oral arguments as well as his citations to the record and understanding of the proceedings are comparatively sophisticated. Defendant appears to have no trouble understanding both Spanish and English languages, as he demonstrated at the September 5, 2019, hearing when he spoke in both languages coherently and responsively.

25. The Court acknowledges that "[t]he Sixth Amendment guarantees the right to counsel during all 'critical stages of the prosecution.'" *United States v. Veras*, 51 F.3d 1365, 1369 (7th Cir.1995) (quoting *United States v. Wade,* 388 U.S. 218 (1967)).

Nonetheless, criminal defendants do not have a right to *appointed* counsel of their choice. *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir.1993) (emphasis added).

26. This Court is guided by the Seventh Circuit, which has explained that a defendant can waive the right to appointed counsel as follows:

> A defendant can waive his right to counsel through conduct as well as words. Because representation by counsel and self-representation are mutually exclusive entitlements, the assertion of one right constitutes a *de facto* waiver of the other.
>
> Additionally, we held in *United States v. Irorere,* 228 F.3d 816, 826 (7th Cir.2000), that a defendant may waive the right to counsel through his own "contumacious conduct." There, we upheld the district court's refusal to appoint counsel for the defendant's sentencing hearing because the defendant had already frustrated four of the court's attempts to provide counsel for him. *See id.* at 827. The facts of *Irorere* are strikingly similar to those of Traeger's case. Traeger went through three lawyers, firing them for questionable reasons. In the process, he managed to delay his sentencing for almost 2 years. We review the district court's refusal to appoint counsel for abuse of discretion and will not reverse unless the failure to do so would result in fundamental unfairness impinging on due process rights. *See id*. Under these circumstances, the district judge did not even come close to abusing his discretion in refusing to appoint a fourth lawyer to represent Traeger.

*United States v. Traeger*, 289 F.3d 461, 475 (7th Cir. 2002) (citations omitted).

27. The Court concludes Defendant has waived his right to appointed counsel. Having waived the right to appointed counsel, Defendant has two options for proceeding: retaining counsel at his own expense or representing himself.

28. First, Defendant stated at the September 5, 2019, hearing that he cannot retain counsel. Even if Defendant intended to retain counsel, "[i]n the Sixth Amendment context, 'last minute requests' to retain new counsel are not only 'disfavored,' but also routinely denied…." *United States v. Smith*, 839 F.3d 456, 458 (5th Cir. 2016) (citations omitted).

29. Second, "[w]here a defendant has established a practice of hiring and firing attorneys with little or no apparent reason but at the same time is adamant that the defendant cannot proceed with the appointed counsel," it is proper "to order the defendant to proceed pro se" and "to order the appointed counsel to remain as a backup" or stand by counsel. 9 Fed. Proc., L. Ed. § 22:676 (Feb. 2019 update). Following this procedure, the Court ordered Defendant to proceed *pro se* and that Mr. Lettunich remain as stand by counsel. The Court also ordered Mr. Lettunich to provide to Defendant all documents obtained in discovery, as well as any other documents Mr. Lettunich has in his possession that may assist Defendant in this case.

    IT IS SO ORDERED.

    UNITED STATES DISTRICT JUDGE